**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

MICHAEL GARAVAGLIA,

    Plaintiff,

v.                                                                                  CASE NO:
                                                                                    HONORABLE:

GOGEBIC COUNTY, JOSH ELIAS, ADAM ZAK,
ROSS SOLBERG, EVAN FEZATT, and ALEXANDER SACKMANN,
in their individual and official capacities,

    Defendants.

| |
|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>JONATHAN A. ABENT (P78149)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>shanna.suver@cjtrainor.com<br>amy.derouin@cjtrainor.com<br>jon.abent@cjtrainor.com |

THERE IS NO OTHER PENDING OR RESOLVED ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

## COMPLAINT AND JURY DEMAND

    **NOW COMES** Plaintiff, **MICHAEL GARAVAGLIA**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants states as follows:

1. Plaintiff is currently a resident of the Township of Bessemer, County of Gogebic, State of Michigan.

2. Defendant GOGEBIC COUNTY is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

3. Defendants ELIAS, ZAK, and SOLBERG were and/or are police officers working and/or assigned to the Gogebic County Sheriff's Department and at all times mentioned herein were acting under color of law, in their individual and official capacities, and within the course and scope of their employment.

4. Defendants FEZATT and SACKMANN were and/or police offers working for and/or assigned to the Michigan State Police and at all times mentioned herein were acting under color of law, in their individual and official capacities, and within the course and scope of their employment.

5. All events giving rise to this lawsuit occurred in the County of Gogebic, State of Michigan.

6. This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution and, consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983.

7. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

8. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

9. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

10. On July 1, 2020, Plaintiff called 911 to report that a man named Kyle Bartlett was repeatedly riding a motorcycle past Plaintiff's home and both harassing and threatening Plaintiff.

11. When Defendants ZAK, SOLBERG, FEZATT, and SACKMANN arrived on the scene, Bartlett falsely claimed that Plaintiff had threatened him with a firearm.

12. Defendant ELIAS, a personal friend of Bartlett's, was present for the subject incident and corroborated Bartlett's false version of events.

13. As result, Plaintiff was falsely arrested in the complete absence of probable cause to believe that he had committed any crime.

14. Plaintiff was then handcuffed and taken to the Gogebic County Jail.

15. Plaintiff was charged with numerous criminal counts arising out of the subject incident, all of which were unsupported by probable cause.

16. Plaintiff was prosecuted for the criminal charges arising from the subject incident despite the complete lack of probable cause for his arrest and/or the bringing of criminal charges against him.

17. Plaintiff was acquitted by a jury of all criminal charges arising from the subject incident on June 11, 2021.

18. As a result of Defendants' unlawful actions, Plaintiff suffered significant injuries and damages.

## COUNT I
## VIOLATIONS OF THE FOURTH AMENDMENT

19. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

20. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from unreasonable searches and seizures.

21. At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiff's Fourth Amendment rights when they falsely arrested, detained, and brought felony charges against Plaintiff without probable cause.

22. At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiffs' Fourth Amendment rights when they arrested, detained, seized, and charged Plaintiff after failing to conduct a full investigation, manufacturing probable cause, withholding exculpatory evidence, and/or failing to consider the totality of the circumstances.

23. Defendants acted under color of law and are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

24. Defendants' illegal and unconstitutional acts were the direct and proximate cause of Plaintiff's deprivation of his constitutional rights.

25. Upon information and belief, Defendants knowingly and/or recklessly made false statements regarding the subject incident that were critical to finding probable cause to bind Plaintiff over to the circuit court and/or to Plaintiff's ultimate criminal prosecution. As such, any arrest warrants and/or bindover(s) in Plaintiff's underlying criminal prosecution do not preclude Plaintiff's *Fourth* Amendment claims.

26. Due to Defendants' actions and/or inactions, Plaintiff's Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Honorable Court to award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

### COUNT II
### CONSTITUTIONAL VIOLATIONS
### DEFENDANT GOGEBIC COUNTY

27. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

28. Defendant GOGEBIC COUNTY acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

29. That these customs and/or policies and/or practices included, but were not limited to, the following:

    a. Failing to adequately train and/or supervise its police officers so as to prevent violations of citizen's constitutional rights;

    b. Failing to adequately train and/or supervise police officers regarding probable cause to arrest/detain/charge;

    c. Failing to supervise, review, and/or discipline police officers whom Defendant GOGEBIC COUNTY knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct; and

    d. Failing to adequately train and/or supervise its police officers in the proper policies and procedures for establishing probable cause to arrest/detain/charge.

30. The individual Defendants' violations of Plaintiff's constitutional rights in this case were so obvious and foreseeable that Defendant GOGEBIC COUNTY's failure to adequately train its police officers in probable cause evaluations constitutes deliberate indifference to the rights of citizens with whom its police officers came into contact.

31. Defendant's conduct demonstrated a substantial lack of concern for whether an injury resulted.

32. Defendant's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

33. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

    Respectfully Submitted,
    CHRISTOPHER TRAINOR & ASSOCIATES

    **s/ Christopher J. Trainor**
    CHRISTOPHER J. TRAINOR (P42449)
    AMY J. DEROUIN (P70514)
    JONATHAN A. ABENT (P78149)
    Attorneys for Plaintiff
    9750 Highland Road
    White Lake, MI  48386
    (248) 886-8650

Dated: June 13, 2022     shanna.suver@cjtrainor.com
*CJT/jaa*     amy.derouin@cjtrainor.com
    jon.abent@cjtrainor.com

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

MICHAEL GARAVAGLIA,

    Plaintiff,

v.                                                 CASE NO:
                                                  HONORABLE:

GOGEBIC COUNTY, JOSH ELIAS, ADAM ZAK, ROSS SOLBERG, EVAN FEZATT, and ALEXANDER SACKMANN, in their individual and official capacities,

    Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>JONATHAN A. ABENT (P78149)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>shanna.suver@cjtrainor.com<br>amy.derouin@cjtrainor.com | |

## **DEMAND FOR TRIAL BY JURY**

1

**NOW COMES** Plaintiff, **MICHAEL GARAVAGLIA**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a demand for trial by jury in the above-entitled cause.

        Respectfully Submitted,
        CHRISTOPHER TRAINOR & ASSOCIATES

        **s/ Christopher J. Trainor**
        CHRISTOPHER J. TRAINOR (P42449)
        AMY J. DEROUIN (P70514)
        JONATHAN A. ABENT (P78149)
        Attorneys for Plaintiff
        9750 Highland Road
        White Lake, MI  48386
        (248) 886-8650
        shanna.suver@cjtrainor.com
        amy.derouin@cjtrainor.com
        jon.abent@cjtrainor.com

Dated:  June 13, 2022