## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

MICHAEL GARAVAGLIA,

      Plaintiff,

v.                                  CASE NO: 2:22-cv-123
                                    HON.: JANE M. BECKERING

GOGEBIC COUNTY, JOSH ELIAS, ADAM ZAK,
ROSS SOLBERG, EVAN FEZATT, and ALEXANDER SACKMANN,
in their individual and official capacities,

      Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>JONATHAN A. ABENT (P78149)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321-fax<br>shanna.suver@cjtrainor.com<br>amy.derouin@cjtrainor.com<br>jon.abent@cjtrainor.com | MICHIGAN DEP'T OF ATTORNEY<br>GENERAL<br>MARY A. WADDELL (P70545)<br>RYAN WIER (P83886)<br>Attorneys for Defendants Fezatt and<br>Sackmann<br>P.O. Box 30754<br>Lansing, MI 48909<br>(517) 335-7573 / (517) 335-7578-fax<br>waddellm1@michigan.gov<br>wierR2@michigan.gov |
| CUMMINGS MCCLOREY DAVIS & ACHO<br>PLC<br>HAIDER A. KAZIM (P66146)<br>Attorney for Defendants Gogebic, Elias, Zak,<br>and Solberg<br>310 W. Front St., Ste. 221<br>Traverse City. MI 49684<br>hkazim@cmda-law.com | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS GOGEBIC COUNTY'S, ADAM ZAK'S, ROSS SOLBERG'S, AND JOSH ELIAS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C)

### *** ORAL ARGUMENT REQUESTED ***

**NOW COMES**, Plaintiff, **MICHAEL GARAVAGLIA**, by and through his attorneys, **CHRISTOPHER TRAINOR & ASSOCIATES**, and for his *Response to Defendants Gogebic County's, Adam Zak's, Ross Solberg's, and Josh Elias' Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(C)*, hereby denies each and every allegation set forth by Defendants and leaves them to their strict proofs.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court deny *Defendants Gogebic County's, Adam Zak's, Ross Solberg's, and Josh Elias' Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)* in its entirety.  In the alternative, Plaintiff respectfully requests leave to amend his *First Amended Complaint* pursuant to Fed. R. Civ. P. 15(a)(2).  In a second alternative, if this Honorable Court converts Defendants' instant Motion to a motion for summary judgment pursuant to Fed. R. Civ. P. 56, Plaintiff respectfully requests that this Honorable Court defer consideration of Defendants' instant Motion until sufficient discovery has been conducted pursuant to Fed. R. Civ. P. 56(d), for the specific reasons detailed in Plaintiff's attached Affidavit and Declaration.  **(Affidavit and Declaration attached as Exhibit A.)**

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**/s/ Amy J. DeRouin**
CHRISTOPHER TRAINOR (P42449)
AMY J. DEROUIN (P70514)
JONATHAN A. ABENT (P78149)
Attorneys for Plaintiff
9750 Highland Road
White Lake, Michigan 48386
(248) 886-8650

Dated: November 9, 2022
*AJD/jaa*

2

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

MICHAEL GARAVAGLIA,

      Plaintiff,

v.                                    CASE NO: 2:22-cv-123
                                    HON.: JANE M. BECKERING

GOGEBIC COUNTY, JOSH ELIAS, ADAM ZAK,
ROSS SOLBERG, EVAN FEZATT, and ALEXANDER SACKMANN,
in their individual and official capacities,

      Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>JONATHAN A. ABENT (P78149)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321-fax<br>shanna.suver@cjtrainor.com<br>amy.derouin@cjtrainor.com<br>jon.abent@cjtrainor.com | MICHIGAN DEP'T OF ATTORNEY<br>GENERAL<br>MARY A. WADDELL (P70545)<br>RYAN WIER (P83886)<br>Attorneys for Defendants Fezatt and<br>Sackmann<br>P.O. Box 30754<br>Lansing, MI 48909<br>(517) 335-7573 / (517) 335-7578-fax<br>waddellm1@michigan.gov<br>wierR2@michigan.gov |
| CUMMINGS MCCLOREY DAVIS & ACHO<br>PLC<br>HAIDER A. KAZIM (P66146)<br>Attorney for Defendants Gogebic, Elias, Zak,<br>and Solberg<br>310 W. Front St., Ste. 221<br>Traverse City. MI 49684<br>hkazim@cmda-law.com | |

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS GOGEBIC COUNTY'S, ADAM ZAK'S, ROSS SOLBERG'S, AND JOSH ELIAS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C)

### *** ORAL ARGUMENT REQUESTED ***

TABLE OF AUTHORITIES……………………………………………………………iii

MOST CONTROLLING AUTHORITIES…………………………………..………………..vi

COUNTER-STATEMENT OF QUESTIONS PRESENTED…………………….…..…….…..vii

I.      OVERVIEW…………………………………………………………………..…1

II.     INTRODUCTION……………………………………………………………1

III.    STATEMENT OF FACTS……………………………………………………....3

IV.     STANDARD OF REVIEW …………………………………………………....4

V.      LAW AND ARGUMENT……………………………………………………9

VI.     CONCLUSION………………………………………………….……24

CERTIFICATE OF SERVICE………………………………………………..25

CERTIFICATE OF COMPLIANCE……………………………………………26

## <u>TABLE OF AUTHORITIES</u>

### <u>CASES</u>

*Ahlers v. Schebil*,
188 F.3d 365 (6th Cir. 1999) ..................................................................... 10-11, 13, 17

*Bassett v. NCAA*,
528 F.3d 426 (6th Cir. 2008) ........................................................................................6

*Bd. of the Cty. Comm'rs v. Brown*,
520 U.S. 397(1997)............................................................................................... 19-20

*Brooks v Celeste*,
39 F.3d 125 (6th Cir. 1994) ........................................................................................23

*City of Canton v. Harris*,
489 U.S. 378 (1989)....................................................................................................19

*Devenpeck v. Alford*,
543 U.S. 146 (2004)....................................................................................................12

*Dickson v. Twp. Of Novesta*,
2006 U.S. Dist. LEXIS 83752 (E.D. Mich. November 6, 2006) **(Exhibit D)** ...............6

*Gardenhire v. Schubert*,
205 F.3d 303 (6th Cir. 2000) ......................................................................................12

*Grose v. Caruso*,
284 Fed. Appx. 279 (6th Cir. 2008)............................................................................15

*Harlow v. Fitzgerald*,
457 U.S. 800 (1982)....................................................................................................15

*Heyne v. Metro. Nashville Pub. Schs.*,
655 F.3d 556 (6th Cir. 2011) ........................................................................................9

*Hope v. Pelzer*,
536 U.S. 730 (2002)....................................................................................................16

*JPMorgan Chase Bank N.A. v. Winget*,
510 F.3d 577 (6th Cir 2007)        .......................................................................5, 10, 14

*Kalina v. Fletcher*,
522 U.S. 118 (1997)....................................................................................................19

*King v. Harwood,*
853 F.3d 568 (6th Cir. 2017) ...........................................................................21

*Lambert v. Hartman,*
517 F.3d 433 (6th Cir. 2008) ...........................................................................20

*Meeks v. Larsen,*
611 Fed. Appx. 277 (6th Cir. 2015)........................................................... 21-22

*Miller v. Maddox,*
866 F.3d 386 (6th Cir. 2017) .................................................................. 18, 21-22

*Mills v. Barnard,*
869 F.3d 473 (6th Cir. 2017) ...........................................................................14

*Moldowan v. City of Warren,*
578 F.3d 351 (6th Cir. 2009) ...........................................................................19

*Monell v. Dept. of Social Services of the City of New York,*
436 U.S. 658 (1978).........................................................................................20

*Ouza v. City of Dearborn Heights,*
969 F.3d 26 (6th Cir. 2020) .............................................................................20

*Pearson v. Callahan,*
555 U.S. 223 (2009).........................................................................................16

*Pembaur v. City of Cincinnati,*
475 U.S. 469 (1986).........................................................................................19

*Saucier v. Katz,*
533 U.S. 194 (2001).........................................................................................16

*Seifert v. Hamilton Cty.,*
951 F.3d 753 (6th Cir. 2020) ...........................................................................15

*Spurlock v. Satterfield,*
167 F.3d 995 (6th Cir. 1999) .....................................................................13, 17

*Tolan v. Cotton,*
572 U.S. 650 (2014).........................................................................................16

*Webb v. United States,*
789 F.3d 647 (6th Cir. 2015) ...........................................................................20

*Wesley v. Campbell*,
779 F.3d 421 (6th Cir. 2015) ...................................................................10, 12, 13, 15

*Zerod v. City of Bay City*,
2006 U.S. Dist. LEXIS 9279 (E.D. Mich. March 9, 2006) **(Exhibit C)** ........................................6

## <u>STATUTES & COURT RULES</u>

Fed. R. Civ. P. 12 ................................................................................... *passim*

Fed. R. Civ. P. 15 ...............................................................................................23

Fed. R. Civ. P. 56 ...............................................................................................24

W.D. Mich. L. Civ. R. 7.2...................................................................................26

## <u>MOST CONTROLLING AUTHORITIES</u>

*Ahlers v. Schebil*, 188 F.3d 365 (6th Cir. 1999)

*Bassett v. NCAA*, 528 F.3d 426 (6th Cir. 2008)

*Brooks v Celeste*, 39 F.3d 125 (6th Cir. 1994)

*Miller v. Maddox*, 866 F.3d 386 (6th Cir. 2017)

*Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658 (1978)

*Spurlock v. Satterfield*, 167 F.3d 995 (6th Cir. 1999)

*Webb v. United States*, 789 F.3d 647 (6th Cir. 2015)

*Wesley v. Campbell*, 779 F.3d 421 (6th Cir. 2015)

## <u>COUNTER-STATEMENT OF QUESTIONS PRESENTED</u>

1. Whether Plaintiff has more than adequately pled his *Fourth* Amendment false-arrest claim against the Gogebic Defendants?

   Plaintiff answers:      Yes.
   Defendants answer:   No.

2. Whether Plaintiff has more than adequately pled his *Fourth* Amendment malicious-prosecution claim against the Gogebic Defendants?

   Plaintiff answers:      Yes.
   Defendants answer:   No.

3. Whether the Gogebic Defendants are entitled to qualified immunity as to Plaintiff's *Fourth* Amendment false-arrest and malicious-prosecution claims against them?

   Plaintiff answers:      No.
   Defendants answer:   Yes.

4. Whether Defendant Elias is entitled to judgment on the pleadings on the basis of absolute testimony immunity?

   Plaintiff answers:      No.
   Defendants answer:   Yes.

5. Whether Plaintiff has more than adequately pled a *Monell* claim against Defendant Gogebic County?

   Plaintiff answers:      Yes.
   Defendants answer:   No.

6. Whether Plaintiff is collaterally estopped from asserting his *Fourth* Amendment claims against the Gogebic Defendants where the state district court finding of probable cause was based on fabricated and/or false evidence and/or testimony?

   Plaintiff answers:      No.
   Defendants answer:   Yes.

## I.    __OVERVIEW:__

In this 42 U.S.C. § 1983 action, Plaintiff Michael Garavaglia ("Mr. Garavaglia") alleges that Defendants Adam Zak ("Defendant Zak"—a Sheriff's Deputy employed by Defendant Gogebic County), Ross Solberg ("Defendant Solberg"—a Sheriff's Deputy employed by Defendant Gogebic County"), Josh Elias ("Defendant Elias"—a Sheriff's Deputy employed by Defendant Gogebic County), Evan Fezatt ("Defendant Fezatt"—a Michigan State Police Trooper), and Alexander Sackmann ("Defendant Sackmann"—a Michigan State Police Trooper), violated his *Fourth* Amendment constitutional rights during his arrest and subsequent prosecution arising out of events that occurred on July 1, 2020.  Mr. Garavaglia also asserts a viable *Monell* claim against Defendant Gogebic County.  Defendants Zak, Solberg, and Elias are hereinafter referred to as the "Gogebic Defendants" unless otherwise specified.

## II.    __INTRODUCTION:__

In their instant Motion, Defendants argue that they are entitled to judgment on the pleadings pursuant to Rule  12(c).  Their arguments, which are improper, premature, and based largely on improperly-referenced documentary exhibits, should fail.  The gravamen of Mr. Garavaglia's *First Amended Complaint* is that probable cause for his arrest, bind over, and prosecution was based on false and/or fabricated evidence.  Specifically, Mr. Garavaglia alleges that his July 1, 2020 arrest on assault/firearm charges was based on the purported eyewitness testimony of Defendant Elias, and Defendant Elias' personal friend, Kyle Bartlett.  Mr. Garavaglia further alleges that the Gogebic Defendants (and Defendant Fezatt and Sackmann) knew, or should have known, that Defendant Elias' and Bartlett's version of the subject events was false.  Yet, the Gogebic Defendants (and Defendants Fezatt and Sackmann) used these false versions of events to arrest,

bind over, and prosecute Mr. Garavaglia, all without probable cause to do so.  Fortunately for Mr. Garavaglia, a jury acquitted him of all charges.

The Gogebic Defendants (like Defendants Fezatt and Sackmann before them) now argue that they are entitled to dismissal on various grounds, which all bear the same core argument—that Mr. Garavaglia can present no evidence in support of his claims.  However, that argument is misplaced—the fact is that Mr. Garavaglia has more than adequately pled his claims, which means dismissal is unwarranted under Rule 12(c).  Defendants seek to rely on documentary "evidence" that was impermissibly attached to Defendants Fezatt's and Sackmann's pending *Motion to Dismiss*.  This "evidence" consists of obviously government-favorable documents generated during Mr. Garavaglia's criminal proceedings, and ignores the fact that Mr. Garavaglia has not been afforded the opportunity to conduct fact discovery supporting his claims.  The Sixth Circuit has expressly held that, where evidence in support of probable cause was false and/or fabricated, the principles of collateral estoppel (i.e., a criminal bind over) do not apply.  That is the case here.

The same analysis applies to Defendant Gogebic County's claim of entitlement to dismissal of Mr. Garavaglia's *Monell* claim because, in the absence of a constitutional violation, no *Monell* claim may proceed.  However, and as noted above, Mr. Garavaglia has more than adequately pled his *Fourth* Amendment claims against the Gogebic Defendants; therefore, Defendant Gogebic County's argument fails as to Mr. Garavaglia's *Monell* claim.

In short, because Mr. Garavaglia more than adequately pled his *Fourth* Amendment claims against the Gogebic Defendants, Defendants' instant Motion should be denied in its entirety.

2

III.    **STATEMENT OF FACTS:**

On July 1, 2020, Plaintiff Michael Garavaglia ("Mr. Garavaglia") called 911 to report that a man named Kyle Bartlett was repeatedly riding a motorcycle past Mr. Garavaglia's home and both harassing and threatening Mr. Garavaglia.  (**Amended Complaint, DE 17, ¶ 10.**)  When Defendants Zak, Solberg, Fezatt, and Sackmann arrived on the scene, Bartlett falsely claimed that Mr. Garavaglia had threatened him with a firearm.  (***Id.*, ¶¶ 3-4, 11.**)  Defendant Elias, a personal friend of Bartlett's, was present for the subject incident (the alleged altercation between Mr. Garavaglia and Bartlett) and corroborated Bartlett's false version of events.  (***Id.*, ¶¶ 3, 12.**) Defendants Zak, Solberg, Fezatt, and Sackmann knew that both Bartlett's version of events was false, and that Defendant Elias' corroboration of Bartlett's version of events was false.  (***Id.*, ¶¶ 13-14.**)

As a result, Mr. Garavaglia was falsely arrested in the complete absence of probable cause to believe that he had committed any crime.  (***Id.*, ¶ 15.**)  Indeed, Mr. Garavaglia was arrested despite the fact that Defendants Zak, Solberg, Fezatt, and/or Sackmann knew, or should have known, that both Bartlett's version of events was false, and that Defendant Elias' corroboration of Bartlett's version of events was false.  (***Id.*, ¶¶ 16-17.**)

Mr. Garavaglia was then handcuffed and taken to the Gogebic County Jail.  (***Id.*, ¶ 18.**)  He was charged with numerous criminal counts arising out of the subject incident, all of which were unsupported by probable cause.  (***Id.*, ¶ 19.**)  Mr. Garavaglia was prosecuted for criminal charges arising from the subject incident despite the complete lack of probable cause to support his arrest and/or the bringing of criminal charges against him.  (***Id.*, ¶ 20.**)  He was acquitted by a jury of all criminal charges arising from the subject incident on June 11, 2021.  (***Id.*, ¶ 21.**)

On June 14, 2022, Mr. Garavaglia filed his initial *Complaint* against Defendants, alleging: (1) *Fourth* Amendment violations against the individual Defendants; and (2) a *Monell* claim against Defendant Gogebic County.  **(Complaint, DE 1, Pg. ID # 1-9.)**  On July 8, 2022, Defendants Elias, Zak, Solberg, and Gogebic County filed their *Answer to Plaintiff's Complaint*. **(Gogebic Defendants' Answer, DE 11, Pg. ID # 28-47.)**  On August 2, 2022, Mr. Garavaglia filed his *First Amended Complaint*, alleging the same *Fourth* Amendment claims against Defendants, and the same *Monell* claim against Defendant Gogebic County, albeit with additional allegations and specificity.  **(Amended Complaint, DE 17, Pg. ID # 231-239.)** On August 16, 2022, Defendants Elias, Zak, Solberg, and Gogebic County filed their *Answer to Plaintiff's First Amended Complaint*.  **(Gogebic Defendants' Answer to Amended Complaint, DE 21, Pg. ID # 269-289.)**  On September 28, 2022, Defendants Elias, Zak, Solberg, and Gogebic County filed their instant *Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)*.  **(Gogebic Defendants' Motion for Judgment on the Pleadings, DE 27, Pg. ID # 353-387.)[1]**

## IV.    STANDARD OF REVIEW:

### A.  FED. R. CIV. P. 12(C):

A motion for judgment on the pleadings pursuant to Rule 12(c) is subject to the same standard as a motion for failure to state a claim pursuant to Rule 12(b)(6).  *Hindel v. Husted*, 875 F.3d 344, 346 (6th Cir. 2017).  "[A]ll well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is

---

[1] On July 12, 2022, Defendants Fezatt and Sackmann filed a *Motion to Dismiss Plaintiff's Complaint* pursuant to Rule 12(b)(6).  **(Defendants Fezatt's and Sackmann's Motion to Dismiss, DE 13, Pg. ID # 50-65.)**  On September 26, 2022, Mr. Garavaglia filed his *Response.* **(Plaintiff's Response, DE 26, Pg. ID # 299-328.)**  On October 4, 2022, Defendants Fezatt and Sackmann filed their *Reply*.  **(Defendants Fezatt's and Sackmann's Reply, DE 28, Pg. ID # 388-400.)**  That Motion is currently pending before this Court.

nevertheless clearly entitled to judgment" as a matter of law.  *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581-82 (6th Cir. 2007) (citation omitted).  "To survive a Rule 12(c) motion, 'a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory.'"  *Hindel*, 875 F.3d at 346-47 (*quoting Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007)).  "A complaint must contain sufficient factual matter, accepted a true, to state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).   In considering a Rule 12(c) motion, this Court may only consider the pleadings.  *Ross v. PennyMac Loan Servs. LLC*, 761 Fed. Appx. 491, 494 (6th Cir. 2019) ("A court considering a motion for judgment on the pleadings considers the pleadings and the exhibits attached thereto."); Fed. R. Civ. P. 12(d).  Mr. Garavaglia has more than sufficiently met this standard in his pleadings, and thus, Defendants' instant Motion must be denied.

### B.  DEFENDANTS' IMPERMISSIBLY-REFERENCED EXHIBITS:

The instant Defendants rely on the numerous attached exhibits improperly attached to *Defendants' Evan Fezatt and Alexander Sackmann Motion to Dismiss Plaintiff's Complaint* comprising: (1) a felony complaint; (2) a pretrial release bond; (3) part one of a preliminary hearing transcript; (4) part two of a preliminary hearing transcript; (5) a bind over order; (6) "circuit court criminal information;" and (7) a jury verdict and dismissal order.  **(Defendants Fezatt's and Sackmann's Motion to Dismiss, DE 13.)**  At no point in their pleadings have the instant Defendants requested that this Court treat their instant Motion as anything other than a Motion for Judgment on the Pleadings under Rule 12(c).  **(Defendants' Brief, DE 27, Pg. ID # 368-369.)**

That is, the instant Defendants have not requested that this Court alternatively treat their instant Motion as a Motion for Summary Judgment pursuant to Rule 56, which would be wholly premature and improper if they did so at this stage of the litigation.  Additionally, they have not relied upon the applicable legal standards for a Motion brought pursuant to Rule 56, nor have they argued under those standards in their instant Brief.[2]   (*Id.*, Pg. ID # 368-369.)  Notably, Mr. Garavaglia did not attach any exhibits to his *Complaint* or *First Amended Complaint* in this case, nor did he specifically reference any documents related to his underlying criminal case including, but not limited to, the documents attached to Defendants Fezatt's and Sackmann's Motion, upon which the instant Defendants improperly rely.   **(Complaint, DE 1, Pg. ID # 1-9; Amended Complaint, DE 17, Pg. ID # 231-239.)**  As such, the instant Defendants' reliance on exhibits that were improperly attached by Defendants Fezatt and Sackmann is improper and should not be considered by this Court in ruling on Defendants' instant Motion.  *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (holding that, in considering a motion to dismiss under Rule 12(b)(6), a court may properly consider "exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein"); *see also Zerod v. City of Bay City*, 2006 U.S. Dist. LEXIS 9279, *4 (E.D. Mich. March 9, 2006) **(Exhibit C)** (holding that the magistrate judge correctly considered state court trial transcripts in ruling on a 12(b)(6) motion where both parties made references to those documents in their pleadings); *Dickson v. Twp. Of Novesta*, 2006 U.S. Dist. LEXIS 83752 (E.D. Mich. November 6, 2006)

---

[2] Mr. Garavaglia notes that, if this Court elects to treat Defendants' instant Motion as one for summary judgment pursuant to Rule 56, it must give the parties notice of same and allow Mr. Garavaglia to present evidence in support of his claims. Fed. R. Civ. P. 12(d). In the event this Court so converts, Mr. Garavaglia respectfully requests that this Court defer consideration of the instant Motion until sufficient discovery has been conducted pursuant to Rule 56(d), for the specific reasons detailed in Mr. Garavaglia's attached Affidavit and Declaration. **(Affidavit and Declaration attached as Exhibit A.)**

**(Exhibit D)** (holding that matters outside the pleadings may be considered in ruling on a 12(b)(6) motion where the "documents are referenced by the pleadings themselves"). Accordingly, this Court should not consider the instant Defendants' impermissibly-referenced exhibits in considering whether the instant Defendants are entitled to dismissal under Rule 12(c).

Moreover, the instant Defendants' insistence on relying on numerous improperly-attached exhibits to Defendants Fezatt's and Sackmann's Rule 12(b)(6) Motion reflects a growing trend, one with no basis in law, to seek dismissal of meritorious federal lawsuits by improperly attaching government-favorable exhibits to Motions to Dismiss in lieu of participating in discovery. Government defendants are seeking to obtain dismissal by bringing completely one-sided evidentiary motions, while avoiding the strictures of Rule 56. The gross unfairness of such a practice is plainly evident in cases such as Mr. Garavaglia's, i.e., one in which the plaintiff asserts that the government defendants committed misconduct in the form of concealing/fabricating/falsifying evidence and/or testimony in support of an arrest and/or prosecution. Obviously, in all but the most egregious cases, government defendants will have concealed such conduct in the government-favorable documentation available prior to discovery. This is because those government defendants, their supervisors, and/or their departments *prepared that documentation themselves*. If government defendants are allowed to obtain dismissal by merely attaching such evidence, in violation of Rules 12(b)(6) and 12(c), virtually no false arrest, excessive force, or malicious prosecution case would proceed past the pleading stage. Turned around, this would mean that a plaintiff could obtain judgment on the pleadings merely by attaching a self-serving affidavit to his complaint "proving" that his constitutional rights were violated. This is plainly not the intent of 42 U.S.C. § 1983 and constitutes a transparent attempt to game the system to the detriment of plaintiffs who have suffered unlawful violations of their

civil rights.  This Court is presented with the opportunity to deter these practices, by summarily

rejecting Defendants' instant Motion as violative of Rule 12(c).  If Defendants wish this Court to

consider documentary evidence, they are free to file a Rule 56 Motion and proceed under those

standards.   Defendants are clearly attempting to avoid Rule 56, likely because they would

inevitably lose on the grounds that no discovery has been undertaken.   This attempt at

gamesmanship should be rejected.  Notably, this Court's own Magistrate Judge Vermaat recently

rejected a government defendant's attempt to rely on impermissibly-attached criminal trial

transcripts when he recommended denial of that government defendant's Motion for Judgment on

the Pleadings pursuant to Rule 12(c).  (**Report and Recommendation,** *Erickson v. Gogebic Cty.,*

*et al.***, W.D. Mich. Case No. 22-cv-00067, attached as Exhibit B.**)

>   C. **DEFENDANTS' IMPERMISSIBLY-REFERENCED EXHIBITS ARE NOT RELEVANT TO THEIR INSTANT MOTION:**

Defendants' impermissibly-relied-upon exhibits do not entitle them to dismissal of

Plaintiff's claims, despite their best efforts.  Defendants seek to rely upon documents generated

from Ms. Garavaglia's underlying criminal prosecution.  Mr. Garavaglia does not dispute that he

was arrested, bound over, tried, and acquitted of false charges arising out of the subject incident.

In fact, he pled as such in his *First Amended Complaint*.  (**Amended Complaint, DE 17, ¶¶ 21.**)

The gravamen of Mr. Garavaglia's claims in this case is that the Gogebic Defendants (and

Defendants Fezatt and Sackmann) obtained his arrest and bind over by fabricating and/or falsifying

evidence, particularly their reliance on the purported eyewitness statements of Bartlett and

Defendant Elias, which the Gogebic Defendants (and Defendants Fezatt and Sackmann) knew, or

should have known, to be false.   Therefore, the fact that the "documentary evidence"

impermissibly attached to Defendants Fezatt's and Sackmann's Rule 12(b)(6) Motion may appear

on its face to demonstrate that probable cause existed for Mr. Garavaglia's arrest and bind over, it

does not, at least for purposes of Defendants' instant Motion.  If Mr. Garavaglia's allegations in his *First Amended Complaint* are taken as true, as they must be for purposes of a Rule 12(c) Motion, then Defendants cannot rely on documents obtained from a criminal prosecution that was necessarily tainted from the outset by the Gogebic Defendants fabrication and/or falsification of evidence, namely the taking of Bartlett at his word because he was a friend of fellow law enforcement officer and Defendant, Josh Elias.  Again, if government defendants could obtain dismissal of false arrest/excessive force/malicious prosecution claims merely by not stating their falsification and/or fabrication of evidence in their police reports and before the state trial courts, such claims under 42 U.S.C. § 1983 would be gutted and virtually non-existent.

Accordingly, Defendants' reliance on impermissibly-attached documentary exhibits is not relevant to whether Mr. Garavaglia has adequately stated his claims for purposes of Rule 12(c).

## V.   LAW AND ARGUMENT:

### A.   MR. GARAVAGLIA'S FIRST AMENDED COMPLAINT MORE THAN ADEQUATELY PLED SPECIFIC FACTUAL ALLEGATIONS AGAINST THE GOGEBIC DEFENDANTS INDIVIDUALLY

The Gogebic Defendants broadly and unpersuasively argue that Mr. Garavaglia did not identify with sufficient specificity what unconstitutional actions/omissions they performed that underlie Mr. Garavaglia's *Fourth* Amendment constitutional claims against them.  **(Defendants' Brief, DE 27, Pg. ID # 371-373.)**

Defendants seek an extension of *Fourth* Amendment jurisprudence that has no basis in law. Contrary to Defendants' argument, Mr. Garavaglia's *First Amended Complaint* absolutely alleges, "with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right."  *Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 564 (6th Cir. 2011) (quotation marks omitted).  Mr. Garavaglia alleged that the Gogebic Defendants (along with the

9

Defendants Fezatt and Sackmann), arrested Mr. Garavaglia on the basis of the eyewitness testimony of brother officer Defendant Elias and his friend, Bartlett, testimony that the Gogebic Defendants (including Defendant Elias) knew or should have known to be false.  Such a fabrication of evidence in support of probable cause to arrest in plainly violative of Mr. Garavaglia's *Fourth* Amendment rights.  *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999).

Defendants impliedly argue that Mr. Garavaglia cannot adequately "factually support" his claims that the Gogebic Defendants established probable cause to arrest him on the basis of false and/or fabricated evidence *in the complete absence of discovery*.  Defendants' instant argument is circular.  Defendants essentially argue that, because they successfully avoided disclosing the fact that they fabricated and/or falsified evidence in Mr. Garavaglia's underlying criminal proceedings, that Mr. Garavaglia may not even conduct discovery to reveal same.  Mr. Garavaglia has more than adequately pled that the purported probable cause to support his arrest was based on false eyewitness testimony that the Gogebic Defendants (and Defendants Fezatt and Sackmann) knew or should have known to be false. **(Amended Complaint, DE 17, ¶¶ 11-17, 26, 29.)**  For the purposes of Rule 12(c), this Court must accept as true Mr. Garavaglia's allegations that he was arrested in the absence of probable cause based on fabricated evidence that the Gogebic Defendants (and Defendants Fezatt and Sackmann) knew, or should have known, to be false.  **(Amended Complaint, DE 17, ¶¶ 11-17, 26, 29.)** *JPMorgan Chase Bank, N.A.*, 510 F.3d at 581.  The inquiry, for purposes of Rule 12(c), ends at this point, because Mr. Garavaglia has more than adequately alleged a *Fourth* Amendment false-arrest claim against the Gogebic Defendants. *Wesley*, 779 F.3d at 429.  After undergoing discovery, the Gogebic Defendants are free to seek summary judgment under Rule 56 on the grounds that Mr. Garavaglia failed to factually support these allegations against them.  However, in the absence of discovery, those arguments are misplaced and

10

premature.  The Gogebic Defendants seek to have their cake and eat it too—that is, they seek a factual determination by this Court (which is improper under Rule 12(c)), without affording Mr. Garavaglia the opportunity to develop factual support for his claims through discovery.

The Gogebic Defendants also erroneously argue that Mr. Garavaglia failed to specifically identify what actions/omissions by the Gogebic Defendants violated his constitutional rights. **(Defendants' Brief, DE 27, Pg. ID # 371-373.)**  This argument should fail.  Specifically, the Gogebic Defendants argue that Mr. Garavaglia "fail[ed] to state a claim against each Defendant officer individually."  **(***Id.***, Pg. ID # 371.)**  Mr. Garavaglia's *First Amended Complaint* explicitly alleges that the Gogebic Defendants (and Defendants Fezatt and Sackmann) participated in arresting, charging, and prosecuting Mr. Garavaglia on the basis of false and/or fabricated probable cause based on the eyewitness statements of brother officer Defendant Elias and his friend, Mr. Bartlett.  **(Amended Complaint, DE 17, ¶¶ 15-17.)**  Arresting an individual such as Mr. Garavaglia on the basis of eyewitness statements that the Gogebic Defendants knew or should have known to be false is a violation of his *Fourth* Amendment rights.  *Ahlers*, 188 F.3d at 370.  The fact that *all five individual Defendants* violated Mr. Garavaglia's *Fourth* Amendment rights in the same manner does not mean that the Gogebic Defendants are somehow entitled to dismissal.

Next, Defendant Elias erroneously argues that Mr. Garavaglia has "failed to articulate sufficient factual allegations to plausibly plead that Defendant Elias acted under 'color of law.'" **(Defendants' Brief, DE 27, Pg. ID # 371.)**  Defendant Elias claims that the criminal trial transcripts (upon which he impermissibly attempts to rely) establish that he was an off-duty "private citizen" at all times relevant to the subject incident.  **(***Id.***, Pg. ID # 371-372.)**  However, "[i]t is the nature of the act performed, not the clothing of the actor or even the status of being on-duty, or off-duty, which determines whether the officer has acted under color of law." *Stengel v.*

*Belcher*, 522 F.2d 438, 441 (6th Cir. 1975).  Contrary to Defendant Elias' insistence to the contrary, Mr. Garavaglia has more than adequately pled that Defendant Elias acted under color of law in this case.  **(Amended Complaint, DE 17, ¶ 3.)** Moreover, Mr. Garavaglia has pled that Defendant Elias abused his position as a law enforcement officer to corroborate Bartlett's false version of events to his colleagues, which resulted in Mr. Garavaglia's unlawful arrest and malicious prosecution.  (***Id.*, ¶¶ 12, 14, 17, 22.**)  Thus, for the purposes of Defendants' instant Motion under Rule 12(c), Mr. Garavaglia has more than adequately pled that Defendant Elias acted under color of law in this case.

### B. Plaintiff has More than Adequately Pled a *Fourth* Amendment False-Arrest Claim Against the Gogebic Defendants

"To show in response to a motion to dismiss that the arrest was wrongful, [a plaintiff] must plausibly allege that [the arrest] was unsupported by probable cause." *Wesley v. Campbell*, 779 F.3d 421, 429 (6th Cir. 2015).  "A probable cause determination is based on the 'totality of the circumstances,' and must take account of 'both the inculpatory *and* exculpatory evidence.'" *Id.* (*quoting Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000) (emphasis in original)).  "Although precedent does not mandate that law enforcement operatives should conduct quasi-trials as a necessary predicate to arrest, an officer cannot simply turn a blind eye toward evidence favorably to the accused, or ignore information which becomes available in the course of routine investigations." *Wesley*, 779 F.3d at 429 (quotation marks and citations omitted). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004). The Sixth Circuit has defined probable cause as "reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." *United States v. Ferguson*, 8 F.3d 385, 392 (6th Cir. 1993) (en banc).  Officers cannot make hasty, unsubstantiated arrests, or conduct poor

investigations. *Ahlers v. Schebil*, 188 F.3d 365, 371 (6th Cir. 1999).  Quite plainly, fabrication of probable cause of effectuate and arrest violates a plaintiff's *Fourth* Amendment rights. *Spurlock v. Satterfield*, 167 F.3d 995, 1007 (6th Cir. 1999).

Mr. Garavaglia more than adequately met this pleading standard by alleging that he was arrested without probable cause because the Gogebic Defendants knew, or should have known, that the purported eyewitness accounts of Defendant Elias and/or Bartlett were false.  **(Amended Complaint, DE 17, ¶¶ 13-17.)**   In other words, Mr. Garavaglia alleges that the Gogebic Defendants fabricated the probable cause on which his arrest was unlawfully based. **(Amended Complaint, DE 17, ¶¶ 11-17, 26, 29.)**  Such allegations are more than sufficient to plead a *Fourth* Amendment false-arrest claim against the Gogebic Defendants.  *Wesley*, 779 F.3d at 429; *Spurlock*, 167 F.3d at 1007.

The Sixth Circuit's opinion in *Ahlers,* 188 F.3d 365, supports Mr. Garavaglia.  *Ahlers* provided that arresting police officers generally may rely on third-party eyewitness statements in establishing probable cause to arrest, unless "there is an apparent reason for the officer to believe that the eyewitness was lying, did not accurately describe what he had seen, or was in some fashion mistaken regarding his recollection of the confrontation."  *Id*. (quotation marks and citation omitted).  That is exactly what Mr. Garavaglia has pled in this case—that the Gogebic Defendants (including Defendant Elias) relied on the eyewitness statements of Defendant Elias' personal friend Mr. Bartlett in establishing probable cause to arrest Mr. Garavaglia that they knew or should have known to be false.  **(Amended Complaint, DE 17, ¶¶ 11-17, 26, 29.)**

**C. PLAINTIFF HAS MORE THAN ADEQUATELY PLED A *FOURTH* AMENDMENT MALICIOUS-PROSECUTION CLAIM AGAINST THE GOGEBIC DEFENDANTS**

The elements of a *Fourth* Amendment malicious prosecution claim are as follows:

. . . (1) that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute; (2) that there was a lack of probable cause for the criminal prosecution; (3) that, as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) that the criminal proceedings must have been resolved in the plaintiff's favor. [*Mills v. Barnard*, 869 F.3d 473, 479-480 (6th Cir. 2017) (quotation marks, brackets, and citations omitted).]

As to the first element, Mr. Garavaglia was charged with, and prosecuted at trial for, several criminal charges arising out of the subject incident.  **(Amended Complaint, DE 17, ¶¶ 19-20.)** The Gogebic Defendants certainly participated in and/or influenced that decision to prosecute Mr. Garavaglia by, at least in part, fabricating and/or knowingly relying on fabricated evidence and/or testimony at Mr. Garavaglia's preliminary hearing and/or trial.  **(*Id.*, ¶¶ 26, 29.)**  As to the second element, there was a lack of probable cause for Mr. Garavaglia's criminal prosecution.  **(*Id.*, ¶¶ 25-26, 29.)**  As to the third element, Mr. Garavaglia suffered a deprivation of liberty apart from his initial arrest, namely his incarceration after his arrest.  **(*Id.*, ¶ 18.)**  Finally, the fourth element is not disputed—Mr. Garavaglia was aquitted of all criminal charges arising from the subject incident on July 11, 2021.  **(*Id.*, ¶ 21.)**  Thus, Mr. Garavaglia has more than adequately pled a *Fourth* Amendment malicious prosecution claim against the Gogebic Defendants.

The Gogebic Defendants confuse the issue; they essentially argue that Mr. Garvaglia has failed to produce any evidence to support his malicious prosecution claim against them.  However, that is not the question before this Court; the question is whether Mr. Garavaglia has adequately *pled* his malicious prosecution claim.  *JPMorgan Chase Bank, N.A.*, 510 F.3d at 581-82.  As discussed above, Mr. Garavaglia has more than adequately pled same.

14

### D.  THE GOGEBIC DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY:

The Gogebic Defendants erroneously argue that they are entitled to qualified immunity as to Mr. Garavaglia's *Fourth* Amendment claims against them.

As a preliminary matter, the Sixth Circuit has repeatedly held that dismissal on the grounds of qualified immunity is generally inappropriate at the Rule 12(b)(6) and/or 12(c) stage of litigation. *Seifert v. Hamilton Cty.*, 951 F.3d 753, 761 (6th Cir. 2020).  Specifically, "the fact-intensive nature of qualified immunity makes it often a bad fit for Rule 12(b)(6)." *Id.* "Without more than the complaint to go on, the court 'cannot fairly tell whether a case is 'obvious' or 'squarely governed' by precedent,' making qualified immunity inappropriate." *Id.* (*quoting Guertin v. State*, 921 F.3d 907, 917 (6th Cir. 2019)).  Moreover, the Gogebic Defendants' claims that they are entitled to qualified immunity is premature.  Qualified immunity on a false-arrest claim necessarily depends on the totality of the circumstances, i.e., the facts of the case.  *Wesley*, 779 F.3d at 429.  The Sixth Circuit has held that, "[w]here, as here, the standard for a 12(b)(6) motion [which is identical to that of a Rule 12(c)] is whether the allegations, if taken as true, could state a claim upon which relief may be granted, dismissal of [a defendant-police officer] on the basis of qualified immunity is premature." *Grose v. Caruso*, 284 Fed. Appx. 279, 283 (6th Cir. 2008).  Given that little to no discovery has occurred in this case, dismissal of Mr. Garavaglia's *Fourth* Amendment claims against the Gogebic Defendants would be premature at this juncture. *Seifert*, 951 F.3d at 761.  Moreover, taking the allegations in Mr. Garavaglia's *First Amended Complaint* as true, the Gogebic Defendants are not entitled to qualified immunity.

Qualified immunity is a privilege granting immunity to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457

U.S. 800, 818 (1982).  To determine whether a defendant is entitled to qualified immunity at the summary judgment stage, courts are required to engage in a two-pronged inquiry. *Tolan v. Cotton*, 572 U.S. 650, 655 (2014).  The first inquiry asks whether the facts, "[t]aken in the light most favorable to the party asserting the injury . . . show the officer's conduct violated a federal right[.]" *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  The second prong of the qualified immunity analysis asks whether the right in question was "clearly established" at the time of the violation.  *Hope v. Pelzer*, 536 U.S. 730, 739 (2002).  Governmental actors are "shielded from liability for civil damages if their actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.*  "[T]he salient question…is whether the state of law" at the time of an incident provided "fair warning" to the defendants "that their alleged [conduct] was unconstitutional." *Id.* at 741.

Regarding the two qualified immunity prongs mentioned above, courts have discretion to decide the order in which to evaluate those two prongs.  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).  However, under either prong, "courts may not resolve genuine disputes of fact in favor of the party seeking summary judgment." *Tolan,* 572. U.S. at 656.  In considering whether a constitutional violation occurred, if the defendant challenges the plaintiff's version of the facts, an issue of fact is created, qualified immunity must be denied. *Johnson v. Jones*, 515 U.S. 304 (1995).

As discussed above, Mr. Garavaglia has more than adequately pled that he was arrested without probable cause, thus violating his *Fourth* Amendment constitutional rights.  Defendants erroneously argue that, even if Mr. Garavaglia could establish a lack of probable cause to arrest, he cannot show that his right to be free from same was clearly established at the time of the subject incident.  This argument fails.

16

In *Spurlock*, 167 F.3d at 1006, the Sixth Circuit expressly held that, "a reasonable police officer would know that fabricating probable cause, thereby effectuating a seizure, would violate a suspect's clearly establish Fourth Amendment right to be free from unreasonable seizures." "Similarly, a reasonable police officer would be on notice that unlawfully detaining a suspect, despite the fact that the evidence used to detain that individual was fabricated, would also be unlawful." *Id*. at 1006-1007.  That is exactly what Mr. Garavaglia has pled in this case, i.e., that the probable cause upon which the Gogebic Defendants (and Defendants Fezatt and Sackmann) relied was false and/or fabricated.  **(Amended Complaint, DE 17, ¶¶ 17, 20, 26, 29.)**  Therefore, Mr. Garavaglia has more than adequately pled that the Gogebic Defendants violated a clearly established constitutional right.

Further, Mr. Garavaglia alleges that the Gogebic Defendants relied on eyewitness statements (from Bartlett) that they knew, or should have known, to be false.  **(*Id*., ¶¶ 11-17, 26, 29.)**  The protections of qualified immunity to do not extend to such a situation.  In fact, in *Ahlers*, 188 F.3d at 370, the Sixth Circuit expressly held that an arresting officer is not entitled to rely on an eyewitness statement where "there is an apparent reason for the officer to believe that the eyewitness was lying, did not accurately describe what he had seen, or was in some fashion mistaken regarding his recollection of the confrontation."  (Quotation marks and citation omitted). That is exactly what Mr. Garavaglia has pled in this case—that the Gogebic Defendants relied on the eyewitness statements of brother officer Defendant Elias, and his personal friend Bartlett, in establishing probable cause to arrest Mr. Garavaglia that they knew or should have known to be false.  **(Amended Complaint, DE 17, ¶¶ 11-17, 26, 29.)**  Thus, this action violated Mr. Garavaglia's clearly established *Fourth* Amendment rights.

17

A similar analysis applies to Mr. Garavaglia's *Fourth* Amendment malicious prosecution claim against the Gogebic Defendants.   The Sixth Circuit has expressly held that, "individuals have a clearly established Fourth Amendment right to be free from malicious prosecution by a defendant who made, influenced, or participated in the decision to prosecute the plaintiff by, for example, knowingly or recklessly making false statements that are material to the prosecution[.]" *Miller*, 866 F.3d at 396 (quotation marks and citation omitted).   This is exactly what Mr. Garavaglia alleges in this case—that the Gogebic Defendants knowing and/or recklessly made and relied upon false statements that formed the entire basis of Mr. Garvaglia's malicious prosecution. **(Amended Complaint, DE 17, ¶¶ 11-17, 26, 29.)**

Accordingly, the Gogebic Defendants' premature argument that they are entitled to qualified immunity should fail.

### E. DEFENDANT ELIAS IS NOT ENTITLED TO JUDGMENT ON THE PLEADINGS ON THE BASIS OF ABSOLUTE TESTIMONIAL IMMUNITY:

Defendant Elias erroneously argues that he is entitled to absolute testimonial immunity in regard to his preliminary examination testimony in Mr. Garvaglia's underlying criminal proceedings.   **(Defendants' Brief, DE 27, Pg. ID # 377-378.)**   This conclusory argument has several flaws.   First, Defendant Elias claims (without elaboration) that he "testified truthfully" at the preliminary examination.   Defendant Elias' only purported support for the accuracy of this claim are references to the improperly-attached criminal trial documents.   **(*Id.*, Pg. ID # 377.)**   On the contrary, Mr. Garavaglia expressly alleged that Defendant Elias' version of events and/or his corroboration of Bartlett's version of event was *not* truthful.   **(Amended Complaint, DE 17, ¶ 14.)**   Second, Defendant Elias appears to incorrectly believe that Mr. Garvaglia's *Fourth* Amendment claims arise solely from his testimony at the preliminary examination.   That is not the case; rather, Mr. Garvaglia has more than adequately alleged that Defendant Elias participated

18

(whether on duty or not) in his false arrest and malicious prosecution.  **(Amended Complaint, DE 17, ¶¶ 15-17.)**  Therefore, even if absolute testimonial immunity applied (which is does not), it would not entitle Defendant Elias to dismissal of Mr. Garavaglia's *Fourth* Amendment claims against him in their entirety.  Third, to the extent that Defendant Elias argues that he was not acting under color of law in regard to the subject incident, "there is a well-established exception to the doctrine of absolute testimony immunity 'insofar as [an official] performed the function of a complaining witness.'"  *Moldowan v. City of Warren*, 578 F.3d 351, 390 (6th Cir. 2009) (*quoting Kalina v. Fletcher*, 522 U.S. 118, 131 (1997)).  Accordingly, Defendant Elias is not entitled to judgment on the pleadings on the grounds of absolute testimonial immunity.

## VI.   MR. GARAVAGLIA'S AMENDED COMPLAINT MORE THAN ADEQUATELY PLED A *MONELL* CLAIM AGAINST DEFENDANT GOGEBIC COUNTY:

In *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-691 (1978), the Supreme Court held that local governments "may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels."  When a municipality's police officers commit a constitutional tort because they have not been adequately trained, the municipality can be liable for that tort when the failure to train "evidences a deliberate indifference to the rights of its inhabitants . . . such a shortcoming [can] be properly thought of as a city policy or custom that is actionable under § 1983."  *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (quotation marks omitted); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 477 (1986).  One way to show that a municipality's lack of training reflects deliberate indifference is to demonstrate that the municipality knew that its police officers would repeatedly encounter a situation that involved a risk of constitutional violations and still did nothing to train them.  Id.; *see also Bd. of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 409 (1997).  Thus, disregard of the duty to prepare officers for

an "obvious risk" of a constitutional violation constitutes the deliberate indifference necessary for a failure-to-train claim. *Brown*, 520 U.S. at 409. The Sixth Circuit has expressly held that, "[t]he failure to provide any training on probable cause determinations . . . is constitutionally inadequate." *Ouza v. City of Dearborn Heights*, 969 F.3d 265, 289 (6th Cir. 2020).

Defendants' sole argument as to Mr. Garavaglia's *Monell* claim is that, because Mr. Garvaglia has not adequately pled a constitutional violation against the Gogebic Defendants, his *Monell* claim must fail. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008) (an element of a *Monell* claim is that a violation of a federal right occurred). **(Defendants' Brief, DE 27, Pg. ID # 378-379.)** However, as discussed above, Mr. Garavaglia has more than adequately pled that the Gogebic Defendants violated his *Fourth* Amendment rights. Accordingly, Defendant Gogebic County's argument fails and it is not entitled to dismissal of Mr. Garavaglia's *Monell* claim.

**VII.   <u>MR. GARAVAGLIA'S CLAIMS ARE NOT COLLATERALLY ESTOPPED:</u>**

Defendants erroneously argue that Mr. Garavaglia is collaterally estopped as a matter of law from asserting his *Fourth* Amendment claims against the Gogebic Defendants because the state district court found probable cause to bind over Mr. Garavaglia on criminal charges arising from the subject incident. **(Defendants' Brief, DE 27, Pg. ID # 379-341.)** This argument fails.

As a preliminary matter, the Gogebic Defendants incorrectly imply that a state district court's finding of probable cause conclusively collaterally estops a malicious-prosecution claim. This is plainly untrue in cases where it is alleged, as here, that the defendants knowingly or recklessly presented false testimony or evidence to support a finding of probable cause. **(Amended Complaint, DE 17, ¶¶ 11-17, 26, 29.)** *Webb v. United States*, 789 F.3d 647, 660 (6th Cir. 2015) ("An exception to this general rule applies when defendants knowingly or recklessly present false testimony to the grand jury to obtain the indictment"); *Robertson v. Lucas*, 753 F.3d

at 616 ("[A]n exception applies where the indictment was obtained wrongfully by defendant[s] . . . who knowingly presented false testimony to the grand jury"); *Meeks v. Larsen*, 611 Fed. Appx. 277, 282 (6th Cir. 2015) ("There is an exception to this general rule when the defendants knowingly presented false testimony to the grand jury to obtain the indictment, or testified with a reckless disregard for the truth" (citations omitted)).  Moreover, a defendant need not even testify by the court charged with determining probable cause—a plaintiff "may overcome the presumption of probable cause . . . upon a showing that [the defendant] has . . . falsified or fabricated evidence[.]"  *King v. Harwood*, 853 F.3d 568, 589 (6th Cir. 2017).

In *Miller v. Maddox*, 866 F.3d 386, 388 (6th Cir. 2017), the plaintiff brought a *Fourth* Amendment § 1983 malicious-prosecution claim against the defendant-police officer "arising from her alleged reckless driving and resisting of arrest."  The district court dismissed the plaintiff's complaint, "reasoning that [the plaintiff] could not establish an exception to the general rule that the issuance of an indictment conclusively establishes probable cause."  *Id*.  The Sixth Circuit reversed.  *Id*. at 396.

In reaching its decision, the Sixth Circuit recognized that the plaintiff had alleged that the defendant-police officer made false statements and/or fabricated evidence that supported both the issuance of an arrest warrant and the plaintiff's grand jury indictment.  *Id*. at 390-392.  Specifically, the defendant-police officer made false statements that the plaintiff was both speeding and resisted arrest.  *Id*. at 392.  The Sixth Circuit concluded that these false statements played a role in "setting the prosecution of [the plaintiff] in motion[.]"  *Id*. at 392.  Notably, the defendant himself did not testify in the grand jury proceedings.  *Id*.  Further, the Sixth Circuit also noted that "there may not be evidence that the" fabricated evidence was relied upon by the grand jury in securing the indictment.  *Id*.  Nonetheless, the Sixth Circuit held that, "the *King* exception applies to overcome

the conclusive presumption that an indictment by the grand jury establishes probable cause.  So, [the plaintiff] is entitled to rebut the presumption of probable cause." *Id.*

The facts as pled by Mr. Garavaglia are much the same here.  The Gogebic Defendants (and Defendants Fezatt and Sackmann) manufactured, via reliance of the eyewitness testimony of brother law enforcement officer Defendant Elias, and his friend Bartlett.  **(Amended Complaint, DE 17, ¶¶ 11-17, 26, 29.)**  It is certainly understandable that the state district court would rely on purported eyewitness testimony (whether in the police reports or live testimony at the preliminary hearing) in determining that probable cause existed to bind over Mr. Garavaglia.  Even so, as the Sixth Circuit noted in *Miller*, Mr. Garavaglia is not required to establish that the state district court explicitly relied on fabricated testimony to rebut the applicable presumption.  In short, Mr. Garavaglia has more than adequately pled that the state district court's probable cause determination was obtained by false and/or fabricated evidence manufactured and/or presented by the Gogebic Defendants (and Defendants Fezatt and Sackmann).  **(Amended Complaint, DE 17, ¶¶ 11-17, 26, 29.)**  Such allegations are more than sufficient to overcome the general presumption that the state district court's probable cause finding collaterally estops Mr. Garavaglia's *Fourth* Amendment claims in this case.  *Id.*

By way of counter-example, in *Meeks*, 611 Fed. Appx. at 283, the Sixth Circuit held that the defendants were entitled to dismissal pursuant to Rule 12(b)(6) on the plaintiffs' *Fourth* Amendment malicious-prosecution claims based on a grand jury indictment finding probable cause.  In particular, the Sixth Circuit held that the plaintiffs could not overcome the presumption of probable cause arising from the grand jury indictment because they had failed to plead "specific, plausible allegations of falsity" underlying the grand jury proceedings.  *Id.*  Contrarily, Mr. Garavaglia has made specific and plausible allegations of falsity in regard to his preliminary

hearing, namely that the Gogebic Defendants (and Defendants Fezatt and Sackmann) obtained false and/or fabricated evidence in the form of reliance of Defendant Elias' and/or Bartlett's versions of events, which they knew or should have known to be false, and relied on same at the preliminary hearing.  **(Amended Complaint, DE 17, ¶¶ 11-17, 26, 29.)**

Accordingly, under the caselaw discussed above, Mr. Garavaglia has pled facts more than sufficient to overcome any presumption that the state district court's probable cause finding collaterally estops him from asserting his *Fourth* Amendment claims against the Gogebic Defendants in this case.

## VIII.  <u>AMENDMENT:</u>

Although Mr. Garavaglia's *First Amended Complaint* is more than sufficient, if this Court favors Defendants' position that it is not, then Mr. Garvaglia must be allowed to amend his *Amended Complaint*.   Fed. R. Civ. P. 15(a) provides that leave to amend should be freely granted when justice so requires. The Sixth Circuit has identified the factors the court should consider when deciding whether or not to grant a motion to amend:

> Several elements may be considered in determining whether to permit an amendment. Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision.  [*Brooks v Celeste*, 39 F.3d 125, 130 (6th Cir. 1994).]

Because this case is in its infancy and because none of the factors cited above are applicable, Mr. Garavaglia should be freely permitted to amend his *First Amended Complaint*, if necessary.

## IX.    <u>CONCLUSION</u>:

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court deny *Defendants Gogebic County's, Adam Zak's, Ross Solberg's, and Josh Elias' Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(C)* in its entirety.  In the alternative, Plaintiff respectfully requests leave to amend his *First Amended Complaint* pursuant to Federal Rule of Civil Procedure 15(a)(2).  In a second alternative, if this Honorable Court converts Defendants' instant Motion to a motion for summary judgment pursuant to Fed. R. Civ. P. 56, Plaintiff respectfully requests that this Honorable Court defer consideration of Defendants' instant Motion until sufficient discovery has been conducted pursuant to Fed. R. Civ. P. 56(d), for the specific reasons detailed in Plaintiff's attached Affidavit and Declaration.  **(Affidavit and Declaration attached as Exhibit A.)**

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES

**/s/ Amy J. DeRouin**
CHRISTOPHER TRAINOR (P42449)
AMY J. DEROUIN (P70514)
JONATHAN A. ABENT (P78149)
Attorneys for Plaintiff
9750 Highland Road
White Lake, Michigan 48386
(248) 886-8650

Dated: November 9, 2022
*AJD/jaa*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 9, 2022, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to ***all counsel of record*** and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: ***none.***

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**/s/ Amy J. DeRouin**
AMY J. DEROUIN (P70514)
Attorney for Plaintiff
Dated: November 9, 2022          9750 Highland Road
White Lake, MI 48386
(248) 886-8650
amy.derouin@cjtrainor.com

25

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to W.D. Mich. L. Civ. R. 7.2(b)(ii), Amy J. DeRouin, counsel for Plaintiff, hereby certifies that Plaintiff's instant Brief in Support contains 7,325 words, using Microsoft Office Standard 2010, in compliance with W.D. Mich. L. Civ. R 7.2(b)(i).

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**<u>/s/ Amy J. DeRouin</u>**
AMY J. DEROUIN (P70514)
Attorney for Plaintiff
Dated: November 9, 2022                9750 Highland Road
White Lake, MI 48386
(248) 886-8650
amy.derouin@cjtrainor.com

26